UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBBIE ALDERMAN,

    Plaintiff,

v.                                        Case No:   2:16-cv-760-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause comes before the Court on Plaintiff Debbie Alderman's Complaint (Doc. 1) filed on October 11, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**    **Social Security Act Eligibility, Procedural History, the ALJ's Decision, and Standard of Review**

    **A.**    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve

months.  42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505.[1]  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity that exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505 - 404.1511.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**B.     Procedural History**

On December 3, 2011, Plaintiff filed an application for period of disability and disability insurance benefits with an alleged onset date of January 20, 2012.  (*See* Tr. at 15, 177).  The application was denied initially on April 26, 2012 and upon reconsideration on August 16, 2012.  (Tr. at 81, 95).  A video hearing was held before Administrative Law Judge ("ALJ") James G. Myles on February 3, 2015.  (Tr. at 34-70).  The ALJ issued a partially favorable decision on March 24, 2015.  (Tr. at 11-31).  The ALJ found that Plaintiff was not disabled prior to May 1, 2014, but that Plaintiff became disabled on that date and has continued to be disabled through the date of the decision.  (Tr. at 25).

On August 17, 2016, the Appeals Council denied Plaintiff's request for review.  (Tr. at 1-6).  Plaintiff filed a Complaint (Doc. 1) in this Court on October 11, 2016.  Defendant filed an Answer (Doc. 8) on December 12, 2016.  The parties filed memoranda in support.  (Docs. 14, 16).  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (*See* Doc. 20).  This case is ripe for review.

---

[1] The Court notes that the Social Security regulations were recently revised.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  Unless otherwise specified, the Court refers to the regulations in effect at the time of the Administrative Law Judge's decision.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

As an initial matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act though December 31, 2016. (Tr. at 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 20, 2012, the alleged onset date. (*Id.*). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "myasthenia gravis and degenerative disk [sic] disease status-post disc replacement." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526)). (Tr. at 19).

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

Based on the evidence, the ALJ determined that, prior to May 1, 2014, Plaintiff had the RFC to perform "light work" except Plaintiff "could not climb ladders, ropes, or scaffolds. She could occasionally perform other postural activities. She could not tolerate exposure to hazards, loud noise, or bright and flashing lights." (Tr. at 19). After May 1, 2014, the ALJ found that Plaintiff could perform light work except Plaintiff "cannot climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She cannot tolerate exposure to hazards, loud noise, or bright and flashing lights. In addition, she can only occasionally read fine print and would miss more than three days of work per month." (Tr. at 23). The ALJ stated that, beginning May 1, 2014, this RFC supported a finding that Plaintiff was disabled. (*Id.*).

At step four, the ALJ determined that Plaintiff could not perform any past relevant work since January 20, 2012. (*Id.*). Specifically, the ALJ found that the demands of Plaintiff's past relevant work exceed the RFC. (*Id.*).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that, prior to May 1, 2014, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 24). Specifically, the ALJ asked the vocational expert ("VE") whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (*Id.*). The VE testified that someone with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of representative occupations such as:

> 1. Storage Facility Rental Clerk, DOT# 295.367-026, which is performed at the light exertional level, is unskilled, and of which there are 275,000 jobs in the national economy;
>
> 2. Courier or Messenger, DOT# 230.663-010, which is performed at the light exertional level, is unskilled, and of which there are 200,000 jobs in the national economy; and

> 3. Housekeeper, DOT# 323.687-014, which is performed at the light exertional level, is unskilled, and of which there are 500,000 jobs in the national economy.

(*Id.*).

Pursuant to Social Security Ruling ("SSR") 00-4p, the ALJ determined that the VE's testimony is consistent with the information contained in the *Dictionary of Occupational Titles*. (*Id.*). Based on the VE's testimony, the ALJ found that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy prior to May 1, 2014. (*Id.*). As a result, the ALJ determined that a finding of "not disabled" was appropriate prior to May 1, 2014. (*Id.*).

Beginning May 1, 2014, however, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 25). Based on the VE's testimony, the ALJ determined that a finding of "disabled" was appropriate after to May 1, 2014. (*Id.*).

Accordingly, the ALJ concluded that Plaintiff was not disabled prior to May 1, 2014, but became disabled on that date and has continued to be disabled through the date of the decision. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises three issues on appeal:

1. The [RFC] assessment for the time period prior to May 1, 2014, is not supported by substantial evidence because the ALJ did not articulate valid rationale for discrediting Plaintiff in violation of 20 C.F.R. § 404.1529(c), and [SSR] 96-3p, 96-7p.

2. The ALJ committed harmful error when he accorded little weight to the opinion of Plaintiff's treating physician, Dr. Anna Shuster, D.O., as it pertains to the time period prior to May 1, 2014, in violation of 20 C.F.R. § 404.1527(c)(1)-(6); SSR 96-2p.

3. The RFC finding, for the time period prior to May 1, 2014, is overly vague and does not contain the required specific function-by-function assessment, as required by 20 C.F.R. § 404.1545(b); SSR 96-8p.

(Doc. 14 at 2). The Court addresses each issue in turn below.

### A. The ALJ's Assessment of Plaintiff's Credibility

The Court first addresses Plaintiff's arguments that the ALJ erred in evaluating her credibility.

In looking at the ALJ's credibility determination, the Court notes that to establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (internal citations omitted). Nevertheless, the Eleventh Circuit has stated that "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

The factors an ALJ considers in evaluating a plaintiff's subjective symptoms include:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at *3; *see also* SSR 16-3p, 2016 WL 1119029, at *7 (factors nearly identical to SSR 96-7p); *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

Here, Plaintiff argues that "the ALJ did not articulate any valid reasons for discrediting Plaintiff's pain testimony, as is required, and the decision does not provide sufficient rationale for a reviewing court to understand why the ALJ rejected Plaintiff's testimony." (Doc. 14 at 10). Specifically, Plaintiff states that "the ALJ made an explicit finding on the record at hearing that Plaintiff's testimony sounded credible." (*Id.* at 9 (citing Tr. at 69)). Nevertheless, Plaintiff notes that, in his decision, the ALJ states that "the evidence does not support the existence of limitations greater than [the RFC for the time period prior to May 1, 2014]." (*Id.* at 10 (citing Tr. at 23)). Plaintiff argues that the ALJ's decision is "vague and conclusory" and fails to apply the regulatory factors. (*Id.* (citing Tr. at 23)).

The Court is not persuaded by Plaintiff's contentions. Instead, the Court finds that the ALJ clearly articulated his credibility finding with substantial supporting evidence. *See Foote*, 67 F.3d at 1562. A review of the ALJ's decision shows that the ALJ cited to substantial medical evidence of record, including the results of objective testing and the various medical opinions of record, in finding that each of Plaintiff's conditions were not as severe as alleged prior to May 1, 2014. (Tr. at 20-24). Indeed, as to Plaintiff's myasthenia gravis, degenerative disc disease, and mental impairments, the ALJ cited extensively to the medical evidence of record to account for

these impairments in the RFC and in finding that these conditions were not as severe as alleged prior to May 1, 2014. (Tr. at 20-21).

Plaintiff did not rebut the ALJ's characterization of the evidence. (*See* Doc. 14 at 9-11). Instead, Plaintiff only argues that the ALJ's decision is vague. (*See id.* at 10-11). Nonetheless, based on the ALJ's citations to the record and his detailed explanations as to each of Plaintiff's impairments, the Court finds that the ALJ's decision is not vague. To the contrary, the ALJ's ultimate conclusion that the evidence does not support Plaintiff's allegations that she was disabled prior to May 1, 2014 is well-reasoned and supported by substantial evidence of record.

As a final matter, to the extent Plaintiff argues that there is other evidence of record to support her allegations of disabling pain, the Court notes that it must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision so long as the decision is supported by substantial evidence. *See Edwards*, 937 F.2d at 584 n.3; *Barnes*, 932 F.2d at 1358. Here, the ALJ's credibility findings are supported by substantial evidence of record. The Court, therefore, must affirm ALJ's credibility determination. *See id.*

### B. The ALJ's Review of Dr. Anna Shuster's Medical Opinion

Next, the Court addresses Plaintiff's contention that the ALJ erred in reviewing Dr. Shuster's medical opinion. (*See* Doc. 14 at 11).

The Social Security regulations define medical opinions as statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about the nature and severity of impairments, including symptoms, diagnosis and prognosis, what a claimant can still do despite impairments, and physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). When evaluating a medical opinion, the ALJ considers various factor, including: (1) whether the

9

doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's specialization. *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

An ALJ is required to consider every medical opinion. *Bennett v. Astrue*, No. 308-cv-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). Additionally, the Eleventh Circuit has stated that an ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Otherwise, the Court has no way to determine whether substantial evidence supports the ALJ's decision, and the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See id.* Nonetheless, an incorrect application of the regulations will result in harmless error if a correct application of the regulations would not contradict the ALJ's ultimate findings. *Denomme*, 518 F. App'x at 877-78 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

The Eleventh Circuit has further held that the opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* Moreover, an "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Lacina v. Comm'r, Soc. Sec.*

*Admin.*, 606 F. App'x 520, 526 (11th Cir. 2015) (quoting *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)).

In this case, Plaintiff argues that the ALJ erred in reviewing the opinion of her treating physician, Dr. Shuster. (Doc. 14 at 11). Specifically, Plaintiff argues that, contrary to the ALJ's finding, Dr. Shuster's opinion was supported by the medical evidence of record. (*Id.* at 12).

The Court is not persuaded by Plaintiff's arguments. Instead, the Court finds that the ALJ followed the regulations by stating with particularity the weight given to Dr. Shuster's medical opinion and the reasons therefor. *See Winschel*, 631 F.3d at 1179. Moreover, the Court finds that substantial evidence supports the ALJ's reasons for discounting Dr. Shuster's medical opinion.

In making this finding, the Court notes that the ALJ specifically assigned "little weight" to Dr. Shuster's opinion. (Tr. at 21-22). In doing so, the ALJ stated two reasons: (1) Dr. Shuster's statement that Plaintiff was "unable to continue her work" merited no weight "because it is an opinion reserved to the Commissioner" and (2) Dr. Shuster's opinion was "neither consistent with nor supported by the evidence." (Tr. at 22). The Court addresses each reason in turn.

First, the ALJ was not wrong to discount Dr. Shuster's opinions on the basis that these opinions go to issues reserved to the Commissioner. Indeed, under the regulations, opinions that a claimant is disabled are not medical opinions but, instead, are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case." 20 C.F.R. § 404.1527(d)(1). Under the regulations, "[a] statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [a claimant is] disabled." *Id.* Here, Dr. Shuster opined that Plaintiff was "unable to continue

her work," (Tr. at 341), and that that "I am taking her off work starting from today's date until further notice," (Tr. at 986). Nonetheless, the ALJ was under no obligation to credit these opinions because they go to an issue reserved to the Commissioner—*i.e.*, whether or not Plaintiff is disabled. *See* 20 C.F.R. § 404.1527(d)(1). Thus, the ALJ was not wrong to discount Dr. Shuster's opinions on this basis. *See id.*

Second, to the extent Plaintiff argues that Dr. Shuster's opinions stand for the proposition that Plaintiff was unable to perform any work in the national economy prior to May 1, 2014, substantial evidence supports the ALJ's finding that Dr. Shuster's opinion was "neither consistent with nor supported by the evidence." (*See* Tr. at 22). As an initial matter, as pointed out by Defendant, Dr. Shuster's statement that Plaintiff is "unable to continue her work" and that that "I am taking her off work starting from today's date until further notice" actually appear to be consistent with the ALJ's decision. (*See* Doc. 16 at 10 (citing Tr. at 341, 986)). Indeed, these opinions appear to show that Plaintiff cannot perform her *past* work. (*See* Tr. at 391, 986). The ALJ essentially agreed with these opinions by finding that Plaintiff could not perform her past relevant work. (*See* Tr. at 23).

Nonetheless, the issue here is whether Dr. Shuster's opinions demonstrate that Plaintiff was disabled prior to May 1, 2014. (Doc. 14 at 11-12). The Court cannot make such a finding. As stated above, Dr. Shuster's opinions only speak to Plaintiff's ability to perform her *past* work. (*See* Tr. at 391, 986). Nothing about her opinions speaks to Plaintiff's ability to perform other work in the national economy. Moreover, Dr. Shuster's medical opinions do not provide any specific limitations as to Plaintiff's ability to work. (*See* Tr. at 391, 986). Instead, these opinions are only conclusory statements that Plaintiff cannot work. (*See id.*). Thus, there is no basis on which to conclude that the ALJ failed to include any additional limitations in the RFC

12

assessment or that the ALJ erred at steps four or five of the sequential evaluation. As a result, Dr. Shuster's opinion was, indeed, "neither consistent with nor supported by the evidence" because it does not comport with the evidence cited by the ALJ for his finding that Plaintiff was not disabled prior to May 1, 2014. (*See* Tr. at 22).

As a final matter, Plaintiff is correct that the opinions of treating physicians are usually entitled to substantial or considerable weight. *See Phillips*, 357 F.3d at 1240-41. Nonetheless, while Dr. Shuster was Plaintiff's treating physician, good cause existed to discount her opinion. *See id.* As noted above, good cause exists to discount a treating physician's opinion when the treating physician's opinion was not bolstered by the evidence, the evidence supports a contrary finding, and/or the opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* Here, the ALJ cited to substantial medical evidence of record in coming to the conclusion that Plaintiff was not disabled prior to May 1, 2014. (*See* Tr. at 20-24). To the extent Plaintiff argues that Dr. Shuster's opinion stands for the opposite proposition, the Court finds that the evidence of record does not support Plaintiff's position. Thus, the ALJ was not wrong to give little weight to the opinion of Plaintiff's treating physician.

Similarly, the Court rejects any contention that the ALJ erred by relying on the opinions of the non-examining medical consultants. Indeed, an ALJ does not err by relying on the opinions of the non-examining medical consultants when the evidence supports a contrary conclusion to the treating physician's opinion. *Forrester v. Comm'r of Soc. Sec.*, 455 F. App'x 899, 902-03 (11th Cir. 2012). Stated differently, an ALJ is not prohibited from reaching a conclusion "simply because non-treating physicians also reached it." (*Id.*). Here, for the reasons stated above, the ALJ did not err because the evidence supports a contrary conclusion to Dr.

13

Shuster's opinions—to the extent that Plaintiff argues Dr. Shuster's opinions demonstrate that Plaintiff was disabled prior to May 1, 2014.

In sum, the ALJ stated with particularity the weight given to Dr. Shuster's medical opinion and the reasons therefor. *See Winschel*, 631 F.3d at 1179. Moreover, the ALJ's reasons for discounting Dr. Shuster's opinion are supported by substantial evidence and provide good cause for discounting her opinion. *See Phillips*, 357 F.3d at 1240-41. The Court, therefore, affirms on this issue.

### C. The ALJ's RFC Assessment

The final issue raised by Plaintiff concerns the ALJ's RFC assessment.

A plaintiff's RFC is used at step four to determine if she can do past relevant work and at step five to determine if she can adjust to other work. *Lacina*, 606 F. App'x at 526. "RFC is defined as 'the most [a claimant] can still do despite [her] limitations.'" *Id.* (citing 20 C.F.R. § 416.945(a)(1)). To assess a plaintiff's RFC, the ALJ considers "all the relevant medical and other evidence in [the claimant's] case record." *Id.* (citing 20 C.F.R. § 416.920(e)).

Here, Plaintiff argues that the ALJ's RFC was overly vague and did not contain the required function-by-function assessment. (Doc. 14 at 13). Specifically, while "the ALJ found that Plaintiff would be limited to occasional 'postural activities,' Plaintiff argues that "it is not clear on the face of the decision, which specific limitations the ALJ is referring to by stating 'postural activities.'" (Doc. 14 at 14 (citing Tr. at 19)). As a result, Plaintiff argues that "the legally required function by function assessment has not been conducted" and was instead left to the VE to decide the definition of postural activities. (*Id.*). Thus, Plaintiff argues that the hypothetical posed to the VE at the hearing did not explicitly account for all of Plaintiff's

14

functional limitations, and the VE's testimony, therefore, is not supported by substantial evidence. (*Id.*).

Plaintiff's arguments are not persuasive. As an initial matter, Plaintiff has not pointed to any specific limitations that the ALJ should have included in the RFC assessment. (*See* Doc. 14 at 13-15). Thus, it is unclear what specific error the ALJ could have committed in the RFC assessment. Moreover, even if the ALJ's decision could be considered vague, the Court notes that, when an ALJ considers all of the evidence and finds that the evidence does not support the level of disability claimed by a claimant, then an ALJ does not err in the RFC assessment even if the ALJ could have been more specific and explicit in his findings. *See Freeman v. Barnhart*, 220 F. App'x 957, 960 (11th Cir. 2007).

For instance, in *Freeman v. Barnhart*, the Eleventh Circuit affirmed the ALJ's RFC assessment because the ALJ considered all of the evidence and found that it did not support the level of disability claimed. *Id.* While the court noted that ALJ could have been more specific and explicit in his findings as to standing, sitting, and walking, the court found that the ALJ's hypotheticals were sufficient because limiting the claimant to light exertional activity included limitations on sitting, standing, and walking. *Id.* Thus, the court found that the ALJ adequately analyzed and described the claimant's RFC. *Id.*

The present case is similar to *Freeman*. Here, as in *Freeman*, it is clear that the ALJ considered all of the evidence and found that it did not support the level of disability claimed. (*See* Tr. at 19). While, similar to *Freeman*, the ALJ here could have been more specific and explicit regarding what "postural activities" Plaintiff could perform, the ALJ's hypothetical RFC at the hearing nonetheless included certain postural limitations. (*See* Tr. at 64-65). Moreover, the VE did not indicate any confusion at the hearing nor did Plaintiff's counsel object or seek

clarification of the limitations assigned for the time prior to May 1, 2014. (*See* Tr. at 64-67). Thus, the Court finds that the ALJ's hypotheticals were sufficient. (*See id.*). As a result, similar to *Freeman*, the Court finds that the ALJ adequately analyzed and described Plaintiff's RFC. (*See* Tr. at 19). The Court, therefore, affirms on this issue.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

Accordingly, the Court hereby **ORDERS** that:

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 16, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties